IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Lowell Shore,<br><br>            Plaintiff,<br><br>v.<br><br>Capital One Bank (USA) N.A.,<br><br>           Defendant. | Civil Action No.: 1:13-cv-01275<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT & JURY DEMAND**

For this Complaint, the Plaintiff, Lowell Shore, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## **PARTIES**

4. The Plaintiff, Lowell Shore ("Plaintiff"), is an adult individual residing in Cadillac, Michigan, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Capital One Bank (USA) N.A. ("Capital"), is a Virginia business entity with an address of 1680 Capital One Drive, McLean, Virginia 22102-3491, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6. Within the last four years, Capital contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

7. At all times referenced herein, Capital placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8. When Plaintiff answered calls from Capital, he would hear a prerecorded message stating that Capital needed Plaintiff to contact them about an important matter.

9. In a communication between Plaintiff and Capital that took place on November 1, 2013, Plaintiff notified Capital that he was unable to pay his debt at that time, and requested that the automated calls to his cellular phone cease.

10. Despite Plaintiff's instruction, Capital continued to harass Plaintiff with calls to his cellular phone attempting to collect the debt. Capital called Plaintiff's cellular telephone at least 24 more times after Plaintiff's initial request to Capital that all calls to his cell phone cease.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last four years, Capital called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

13. Plaintiff revoked his consent to be contacted on his cellular telephone, and in fact instructed Capital to stop all calls to his cellular telephone.

14. Regardless, Capital continued to place automated calls to Plaintiff's cellular telephone after knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15. The telephone number called by Capital was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. The calls from Capital to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Each of the aforementioned calls made by Capital constitutes a violation of the TCPA.

18. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); and
2. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 22, 2013

                                                  Respectfully submitted,

                                                  By: <u>/s/ Sergei Lemberg, Esq.</u>
                                                  Attorney for Plaintiff Lowell Shore
                                                  LEMBERG & ASSOCIATES L.L.C.
                                                  1100 Summer Street
                                                  Stamford, CT 06905
                                                  Telephone: (203) 653-2250
                                                  Facsimile:   (888) 953-6237
                                                  Email: slemberg@lemberglaw.com